Last revised: August 1, 2017

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:  
Deborah L. Bitler  
Robert J. Bitler

Case No.: __15-22801__

Judge: __Andrew B. Altenburg, Jr.__

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original  ☒ Modified/Notice Required  Date: __10/18/2017__

☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____    Initial Debtor: _____    Initial Co-Debtor: _____

Initial Chapter 13 Trustee: ICB

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____1062_____ per _____month_____ to the Chapter 13 Trustee, starting on _____November 1, 2017_____ for approximately _____33_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

| Part 2: | Adequate Protection ☒ NONE |
|---|---|
| | a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor). |
| | b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor). |

**Part 3: Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 3,000 (Paid in full) |
| DOMESTIC SUPPORT OBLIGATION | | N/A |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Nationstar/Bank of NY | 408 Manor Avenue | $25,075.60 | | $25,075.60 | regular monthly pymts outside |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Chrysler Capital Retail | 2010 Chrysler Town and Country | $625.32 | | $625.32 | Regular monthly pymts outside |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

4

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

American Honda Finance

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE |||
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

**Part 5:   Unsecured Claims ☐ NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _____100_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:   Executory Contracts and Unexpired Leases ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

6

### Part 7:  Motions ☒ NONE

**NOTE:** All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative
3) Secured
4) Priority

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

8

**Part 9:  Modification** ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 10/16/2017 .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The Chapter 13 Trustee sought Court approval to file a Modified Chapter 13 Plan in accordance with 11 U.S.C. Section 1329(a)(1) due to a change in circumstances | The plan is being modified to increase the base dividend being paid to unsecured creditors |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:  Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _____       _____
                                              Attorney for the Debtor

Date: _____       _____
                                              Debtor

Date: _____       _____
                                              Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: _____                    _____
                                                          Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: _____                    _____
                                                          Debtor

Date: _____                    _____
                                                          Joint Debtor

Date: <u>October 18, 2017</u>                              /s/ Isabel C. Balboa
                                                          Chapter 13 Standing Trustee

```
                           United States Bankruptcy Court
                                District of New Jersey
In re:                                                      Case No. 15-22801-ABA
Deborah L Bitler                                            Chapter 13
Robert J Bitler
        Debtors              CERTIFICATE OF NOTICE
District/off: 0312-1          User: admin              Page 1 of 2          Date Rcvd: Dec 01, 2017
                              Form ID: pdf901          Total Noticed: 49


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 03, 2017.
db/jdb         Deborah L Bitler,    Robert J Bitler,    408 Manor Avenue,    Oaklyn, NJ 08107-2420
cr            +Santander Consumer USA Inc., dba Chrysler Capital,    P.O. Box 562088, Suite 900 North,
                Dallas, TX 75356-2088
515611050     +Alyssa Creitz,    408 Manor Ave,    Oaklyn, NJ 08107-2420
515611052      Associated Credit Services/TD Bank,    P O Box 9100,    Hopkinton, MA 01748
515611053     +Barclays Bank,    700 Prides Crossing,    Newark, DE 19713-6102
515611056     +CBE Group,    P O Box 2547,    Waterloo, IA 50704-2547
515611057     +CCMUA,    P O Box 1105,    Bellmawr, NJ 08099-5105
515636409     +CHRYSLER CAPITAL,    P.O. BOX 961275,    FORT WORTH, TX 76161-0275
515611054     +Capital One Bank,    Goldman and Warshaw Esq,    P O Box 2500,    Caldwell, NJ 07007-2500
515659806      Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
515611058     +Chase,    P O Box 15298,    Wilmington, DE 19850-5298
515611059     +Chrysler Capital Retail,    P O Box 660335,    Dallas, TX 75266-0335
515611060     +Citi Home Depot,    P O Box 6497,    Sioux Falls, SD 57117-6497
515611062     +Delaware Valley Inst Fertility,    6000 Sagemore Dr Ste 6102,    Marlton, NJ 08053-3900
515611064     +Financial Recoveries/Kennedy,    200 East Park Drive,    Mount Laurel, NJ 08054-1297
515611065      First Premier Bank,    P O Box 5519,    Sioux Falls, SD 57117-5519
515611068     +HSBC,    P O Box 9,    Buffalo, NY 14240-0009
515611069     +HSBC Bank/Direct Merchants,    P O Box 5251,    Carol Stream, IL 60197-5251
515611070      HSBC MC,    P O Box 80084,    Salinas, CA 93912-0084
515611067      Home Depot,    P O Box 689100,    Des Moines, IA 50368-9100
515611071      Juniper,    P O Box 13337,    Philadelphia, PA 19101-3337
515611075     +NCO Financial/ Virtua,    P O Box 15273,    Wilmington, DE 19850-5273
515611074     +Nationstar Mortgage,    8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
515611076     +Quality Asset Recovery,    7 Foster Ave Suite 101,    Gibbsboro, NJ 08026-1191
515611077      Recon Orth Assoc,    P O Box 757910,    Philadelphia, PA 19175-7910
515790446     +THE BANK OF NEW YORK MELLON,    Nationstar Mortgage LLC,    PO Box 619096,    Dallas TX 75261-9096
515736914     +THE BANK OF NEW YORK MELLON,    c/o Aldridge Pite, LLP,    4375 Jutland Drive, Suite 200,
                P.O. Box 17933,    San Diego, CA 92177-7921
515611078     +Target,    P O Box 9500,    Minneapolis, MN 55440-9500
515611079      Target National Bank,    P O Box 1581,    Minneapolis, MN 55440-1581
515611080      Verve Continental Finance,    P O Box 8099,    Newark, DE 19714-8099
515611081     +Zucker, Goldberg,    P O Box 1024,    Mountainside, NJ 07092-0024

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Dec 01 2017 23:51:57      U.S. Attorney,   970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 01 2017 23:51:54      United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                Newark, NJ 07102-5235
515644346      E-mail/Text: ebnbankruptcy@ahm.honda.com Dec 01 2017 23:52:08
                American Honda Finance Corporation,    National Bankruptcy Center,    P.O. Box 168088,
                Irving, TX 75016-8088,    866-716-6441
515611051      E-mail/Text: ebnbankruptcy@ahm.honda.com Dec 01 2017 23:52:08      American Honda Finance Co,
                P O Box 7829,    Philadelphia, PA 19101-7829
515611055      E-mail/Text: bankruptcy@cavps.com Dec 01 2017 23:52:22      Cavalry Portfolio,
                500 Summit Drive,    Valhalla, NY 10595
515724717     +E-mail/Text: bankruptcy@cavps.com Dec 01 2017 23:52:22      Cavalry SPV I, LLC,
                500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
515611061     +E-mail/Text: ned-collections_bankruptcydocuments@comcast.com Dec 01 2017 23:52:37       Comcast,
                1 Comcast Center,    Philadelphia, PA 19103-2899
515611063     +E-mail/Text: mrdiscen@discover.com Dec 01 2017 23:51:26      Discover,   P O Box 30421,
                Salt Lake City, UT 84130-0421
515621874      E-mail/Text: mrdiscen@discover.com Dec 01 2017 23:51:26      Discover Bank,
                Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
515611066     +E-mail/PDF: gecsedi@recoverycorp.com Dec 01 2017 23:47:15      GE Money JC Penney,
                P O Box 103104,    Roswell, GA 30076-9104
515797404     +E-mail/Text: lisa@galwayfinancialservices.com Dec 01 2017 23:52:55
                Galway Financial Services LLC,    1290 W Spring St SE,    Suite 270,   Smyrna, GA 30080-3690
515800144      E-mail/Text: bkr@cardworks.com Dec 01 2017 23:51:23      MERRICK BANK,
                Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
515611072     +E-mail/Text: bkr@cardworks.com Dec 01 2017 23:51:23      Merrick Bank,   P O Box 9201,
                Old Bethpage, NY 11804-9001
515611073     +E-mail/Text: bkr@cardworks.com Dec 01 2017 23:51:23      Merrick Bank,   P O Box 171379,
                Salt Lake City, UT 84117-1379
515830547      E-mail/PDF: rmscedi@recoverycorp.com Dec 01 2017 23:47:34      Portfolio Investments II LLC,
                c/o Recovery Management Systems Corporat,    25 SE 2nd Avenue Suite 1120,   Miami FL 33131-1605
515801155     +E-mail/Text: JCAP_BNC_Notices@jcap.com Dec 01 2017 23:52:16      Premier Bank, LLC,
                c o Jefferson Capital Systems LLC,    PO BOX 7999,    SAINT CLOUD MN 56302-7999
515801087     +E-mail/Text: JCAP_BNC_Notices@jcap.com Dec 01 2017 23:52:16      Premier Bankcard, Llc,
                c o Jefferson Capital Systems LLC,    Po Box 7999,    Saint Cloud Mn 56302-7999
515789875     +E-mail/Text: bncmail@w-legal.com Dec 01 2017 23:52:08      TD BANK USA, N.A.,
                C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
```

```
District/off: 0312-1          User: admin              Page 2 of 2                  Date Rcvd: Dec 01, 2017
                              Form ID: pdf901          Total Noticed: 49
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

```
                                                                                                TOTAL: 18
```

```
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 03, 2017                                      Signature:  /s/Joseph Speetjens

___

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 1, 2017 at the address(es) listed below:

```
          Charles G. Wohlrab    on behalf of Creditor    The Bank of New York, Mellon, as Trustee for FIRST
           HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2007-FA3 cwohlrab@logs.com,
           njbankruptcynotifications@logs.com
          David H. James    on behalf of Joint Debtor Robert J Bitler jameslaw.1@netzero.net
          David H. James    on behalf of Debtor Deborah L Bitler jameslaw.1@netzero.net
          Denise E. Carlon    on behalf of Creditor    The Bank of New York, Mellon, Et Al...
           dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
          Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          Jane L. McDonald    on behalf of Trustee Isabel C. Balboa ecf@standingtrustee.com
          John R. Morton, Jr.    on behalf of Creditor    Santander Consumer USA Inc., dba Chrysler Capital
           ecfmail@mortoncraig.com, mortoncraigecf@gmail.com
          Joshua I. Goldman    on behalf of Creditor    The Bank of New York, Mellon, Et Al...
           jgoldman@kmllawgroup.com, bkgroup@kmllawgroup.com
          Joshua I. Goldman    on behalf of Creditor    Residential Credit Solutions, Inc.
           jgoldman@kmllawgroup.com, bkgroup@kmllawgroup.com
          Justin Plean    on behalf of Creditor    The Bank of New York, Mellon, as Trustee for FIRST
           HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2007-FA3 bkyecf@rasflaw.com,
           bkyecf@rasflaw.com;ras@ecf.courtdrive.com
                                                                                                TOTAL: 11
```